REDFIELD *v.* ENGEL.

1. SALES—FRAUD—WARRANTY OF QUALITY—QUANTITY.
   Instructions that if false representations as to quality and quantity of lumber purchased by defendant were made by the plaintiff and relied upon by the vendee, plaintiff could not recover the purchase price; but if defendant relied on his inspection of the lumber he was liable for the purchase price, correctly submitted the issues of fact including defendant's contention that his inspection was perfunctory because he believed plaintiff's statements.

2. Same—Concealment.

But the court rightly refused to submit to the jury defendant's claim that the lumber was piled so as to deceive defendant, whose testimony did not show improper piling.

3. Same.

Plaintiff having made statements relative to the quality of the lumber which defendant claimed he relied upon, his further claim that he supposed the lumber to be of a certain quality, and plaintiff knew his supposition and encouraged it, did not present an additional issue, in view of the statements made and relied upon, covering the same ground.

Error to Kent; Perkins, J. Submitted April 12, 1912. (Docket No. 28.) Decided July 11, 1912.

Assumpsit by James Redfield against George Engel for the purchase price of certain lumber. Judgment for plaintiff. Defendant brings error. Affirmed.

*G. A. Wolf* and *Hatch, McAllister & Raymond,* for appellant.

*Eastman & Eastman,* for appellee.

Ostrander, J. Evidenced by a writing signed by each, made August 11, 1909, plaintiff sold and defendant bought "about 80,000 feet of lumber, which the party of the first part has in pile at his place, for the sum of ($700.00) seven hundred dollars." Twenty-five dollars was paid upon the purchase price. Thereafter defendant began to draw the lumber away, and, having removed some 19,000 feet of it, refused to take more, and refused to pay the balance of the purchase money. Plaintiff brought this action to recover the unpaid price. The defendant with his plea gave notice that he would prove that the purchase was induced by a false representation and statements made by and for plaintiff respecting the quality of the lumber. The alleged representation is:

" The lumber was just as it came from the saw, meaning thereby that it was log run with the mill culls in and

contained about 75 per cent. of good lumber better than mill culls."

A further misrepresentation alleged is that the lumber was so piled that it could not be carefully examined, and so as to deceive. The cause coming on to be tried, the jury returned a verdict for plaintiff, and judgment was entered on the verdict.

Defendant presented 11 requests to charge, which were refused, exceptions were taken, and error is assigned thereon. No other error is suggested in the brief. I do not find testimony to support the charge that the lumber was improperly piled and piled so as to deceive. A representative of defendant inspected the lumber in the piles —looked at it—and was offered every opportunity to examine it. With respect to the other representation relied upon, a question of fact was made by the testimony.

The court instructed the jury upon the subject as follows:

"The defendant admits the making of the agreement, but insists in his defense that at the time the contract was entered into, and as a basis therefor, he relying thereon, the plaintiff represented and claimed that there was about 80,000 feet of lumber, and that it was mill run, so-called— that is that it was lumber just as it came from the saw— including mill culls and common and better; whereas, on attempting to remove the lumber, and on making an estimate of the quantity, it was found that there was only about 69,000 feet of the lumber, and that the entire lot was poor in quality, being mostly culls, and that it was not mill-run lumber, as represented, but, on the contrary, the better grades had been taken therefrom by the plaintiff and sold to others, leaving only the poorer grades; that on discovering such misrepresentation he repudiated the contract, refused to take the lumber or pay therefor, and demanded a return of the money paid thereon; and the other damages claimed by him to have been sustained consisting of expenses, etc., paid out before the discovery of such fraud. The plaintiff denies that he made any such representations as claimed, and insists that the defendant bought the lumber on his own responsibility and

inspection, and agreed to pay the price named. These claims of the parties present the single question of fact for you to determine, viz., Were the representations as to quantity and quality made by the plaintiff, as claimed by the defendant, and did the defendant rely thereon as he now claims? If the representations were made and the defendant relied thereon in making this contract, and you so find, the plaintiff cannot recover; but, on the contrary, the defendant will be entitled to recover against the plaintiff such damages as the evidence shows he has sustained growing out of this transaction."

I do not see how the real contention could have been more clearly presented to the jury. It is said that it fails to present the contention that the fraud claimed by defendant—

"Did not consist so much in express misrepresentation as in the concealment by the plaintiff of the real quality of the lumber by piling it in such a way that the quality could not be discovered by inspection."

I have already stated that the testimony does not support this criticism. Defendant either bought the lumber relying upon the representation alleged to have been made, or he did not so buy it.

If he bought it upon inspection only, the representation was immaterial, and the inspection was not prevented or interfered with. If he bought because of the representation, supported by such inspection as was made, and the inspection was perfunctory because the representation was relied upon, still the charge was all that defendant was entitled to, because the jury was told that if the representation was made, and was relied upon, plaintiff should not, and defendant should, recover.

It is urged that the eighth request to charge should have been given. It was:

" If you find that Mr. Latta supposed this lumber was mill run and just as it came from the saw, and Mr. Redfield knew of this belief, and that Mr. Redfield encouraged Mr. Latta in the same, and did not disclose to him that the lumber was not mill run, but that a considerable

quantity of the good lumber had been taken out by Redfield, then this would constitute a legal fraud, and entitle Mr. Engel to rescind the contract if such circumstances were reported to him by Mr. Latta and he believed and relied thereon."

The testimony is clear that plaintiff refused to sell the lumber by grade; that statements were made by and for him concerning quantity and quality; that defendant sent an agent to inspect the lumber. Having heard the statement of plaintiff, the agent must be presumed to have relied upon that if upon anything except his inspection, and plaintiff was excused, it would seem, from exercising his imagination upon the subject of what the agent supposed beyond or in addition to what the statement and inspection supported. In every respect, in my opinion, the arguments advanced by counsel for appellant are answered by the record and by the charge which was given.

No error being made out, the judgment is affirmed.

MOORE, C. J., and STEERE, McALVAY, BROOKE, and STONE, JJ., concurred. BLAIR and BIRD, JJ., did not sit.